Case 2:22-cv-00299   Document 35   Filed on 01/02/24 in TXSD   Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHRISTOPHER DALE HAVENS, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | §   CIVIL ACTION NO. 2:22-CV-00299 |
| | § |
| BILL MILLS, *et al.*, | § |
| | § |
| Defendants. | § |

**ORDER ADOPTING IN PART
MEMORANDUM AND RECOMMENDATION
AND RECOMMITTING CERTAIN CLAIMS**

Pending before the Court is Plaintiff's complaint for initial screening under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A. On August 21, 2023, United States Magistrate Judge Mitchel Neurock issued his "Memorandum and Recommendation of United States Magistrate Judge" (M&R, D.E. 23), recommending that Plaintiff's claims for excessive force and denial of medical care against Sergeant Maddox, Sergeant Dugger, Officer Arisola, and Corporal Urhea in their individual capacities be retained and that all other claims be dismissed. Plaintiff timely filed his objections (D.E. 32) in an envelope postmarked September 5, 2023.

## DISCUSSION

### 1. Official Capacity Claims

The Magistrate Judge recommends dismissing the official capacity claims because Plaintiff has failed to identify a policymaker and a policy that is the moving force behind a constitutional violation, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). D.E. 12, pp. 16-18. Plaintiff objects to this recommendation because he followed all instructions for seeking redress through the established grievance policy and for pleading his claim in this case, but officers refused to supply grievance forms and—when he managed to get them and complete them—threw them away, in clear violation of the policy. D.E. 32, p. 1.

Plaintiff's argument appears to misunderstand the policy issue. His objections describe his own experiences as well as those of a few others in custody with respect to unanswered grievances, procedural deficiencies in disciplinary actions, being maced, and having mail opened outside the addressee's presence. In each instance, he cites to the Aransas County Detention Center (ACDC) Handbook to show that these events are violations of official policy. But the question is not whether there was an official written ACDC Handbook policy that the individual defendants violated. Municipal liability is founded on a policy or widespread and persistent custom emanating from the acts or omissions of the final policymaker, ***by which*** the staff is ***permitted or caused to violate those written policies*** and, as a result, ***violate the constitutional rights of the plaintiff***.

Plaintiff must plead that the widespread violation of those policies is effectively known and enabled by the final policymaker.

With respect to the policymaker, Plaintiff's allegation that Lieutenant Martinez, the jail administrator, is the final policymaker in such a scenario is insufficient because it is conclusory, both with respect to his status as a policymaker and with respect to his complicity in the constitutional violations. And Plaintiff contradicts his assertion that Lieutenant Martinez was the final policymaker in the balance of his objections. Indeed, Plaintiff names three Defendants—Deputy Chapa, Lieutenant Martinez, and Lieutenant David—as having the title of Jail Administrator, with each being the final policymaker. *See* D.E. 32, pp. 1-3, 5, 7.

The Fifth Circuit has written:

> Because the "specific identity of the policymaker is a legal question that need not be pled," plaintiffs can state a claim for municipal liability as long as they plead sufficient facts to allow the court to reasonably infer that the [policymaker] either adopted a policy that caused [Plaintiff's] injury or delegated to a subordinate officer the authority to adopt such a policy.

*Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 271 (5th Cir. 2019). "It has long been recognized that, in Texas, the county sheriff is the county's final policymaker in the area of law enforcement . . . ." *Turner v. Upton Cnty., Tex.*, 915 F.2d 133, 136 (5th Cir. 1990). Plaintiff does not allege any facts to show that Lieutenant Martinez (or either of the other two Defendants named as Jail Administrator) is empowered as an ultimate policymaker for the county as opposed to simply making decisions that execute Sheriff Mills' policies.

This is not a case of first impression in this regard. One sister court has written, "Plaintiff has not plausibly alleged that [the jail administrator] was a policymaker – one who took the place of the sheriff and thus did not answer to the sheriff with respect to the operation of the jail – such that the municipality itself may be held liable for [the jail administrator's] alleged actions." *Roe v. Johnson Cnty., Tex.*, No. 3:18-CV-2497-B-BN, 2021 WL 4395280, at *18 (N.D. Tex. July 13, 2021), *report and recommendation adopted*, No. 3:18-CV-2497-B, 2021 WL 3828151 (N.D. Tex. Aug. 27, 2021), *aff'd*, No. 21-10890, 2023 WL 117826 (5th Cir. Jan. 5, 2023). A jail administrator can be a policymaker only if "he was authorized by the Sheriff to make policy for the Jail." *Paz v. Weir*, 137 F. Supp. 2d 782, 814 (S.D. Tex. 2001). Plaintiff's more definite statement and his objections indicate that—instead of jail administrator Lieutenant Martinez—Sheriff Mills was the final policymaker on matters about which he complains. *E.g.*, D.E. 17 (# 14, 66); D.E. 32, p. 3.

Plaintiff fails to provide any factual allegation to support his conclusion that Lieutenant Martinez was a municipal policymaker. Even assuming that Lieutenant Martinez was a final policymaker, Plaintiff's burden in bringing a municipal liability claim based on a widespread and persistent custom requires allegations of facts that, if proven, would show that Lieutenant Martinez was sufficiently complicit in the violations of constitutional rights as to make his official actions or omissions the "moving force" behind the violations.

The analysis in the M&R painstakingly accounts for each of the allegations Plaintiff makes against Lieutenant Martinez in his individual or official capacity. For those matters in which Lieutenant Martinez allegedly participated, the recommendation is to dismiss the claims as frivolous or for failure to state a claim upon which relief may be granted. On the flip side, the claims that survive constitutional scrutiny (excessive force and failure to provide medical care) are matters that are devoid of allegations that Lieutenant Martinez participated in the wrongful conduct or turned a blind eye to it, such that staff members felt free to violate Plaintiff's constitutional rights.

The Magistrate Judge properly applied the *Monell* rubric to Plaintiff's official capacity claims. Plaintiff has failed to identify any error in the Magistrate Judge's analysis regarding the dismissal of claims against Defendants in their official capacities. Consequently, the objection is **OVERRULED**.

**2. Supervisory Denial of Due Process in Disciplinary Hearing (*Monell*)**

Plaintiff objects to the dismissal of his claims related to the manner in which his disciplinary hearing was conducted and the restrictions that were imposed on him, reciting that ACDC does not follow the handbook requirements for disciplinary hearings. D.E. 32, p. 3. Again, he complains of Lieutenant Martinez as the policymaker without adequate pleadings as to how he is so empowered. And he re-urges that, as a pretrial detainee, he was entitled to due process prior to being placed in disciplinary segregation.

The M&R recommends dismissal of this claim as an official capacity claim because of the lack of a nexus between the complaint and any conduct of a policymaker. *See* D.E.

23, p. 17. Plaintiff argues that Lieutenant Martinez is the policymaker, while complaining that Sheriff Mills had final authority and ignored his appeal. D.E. 32, p. 3. Plaintiff has again failed to satisfy the *Monell* rubric, as set out above.

Plaintiff's remaining briefing merely reasserts his previous arguments, which are insufficient to state an objection. An objection must point out with particularity the alleged error in the magistrate judge's analysis. Otherwise, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely re-urges arguments contained in the original petition).

Plaintiff's objection to the dismissal of his due process claim related to his disciplinary hearing as a *Monell* claim is **OVERRULED**. Plaintiff's objections to dismissal of the individual capacity claims addressing due process in his disciplinary hearing will be addressed below.

3. **Cancellation of Medical Passes**

The M&R recommends dismissal of Plaintiff's claims relating to the violation of his medical treatment, as reflected in his medical passes for an extra mat and bottom bunk assignment. The M&R's reasoning is that, assuming that the denial of the treatment supplied by the medical passes put Plaintiff in substantial risk of serious harm, his allegations are insufficient to demonstrate that Deputy Chapa had subjective knowledge of

that risk when he took action. Thus, Plaintiff fails to plead deliberate indifference. D.E. 23, pp. 27-28.

Plaintiff objects that the M&R's analysis misunderstands his claim that Deputy Chapa had actual notice of his medical record, medical pass, and need for the extra mat that was assigned to him. D.E. 32, p. 5. He contends that Deputy Chapa had to sign and approve the medical passes as part of Plaintiff's medical treatment plan in order for Plaintiff to obtain those passes, which Deputy Chapa later effectively confiscated.

More specifically, Plaintiff states that Deputy Chapa was skeptical of inmate needs and believed they were gaming the system, with too many getting extra mats and claiming bottom bunks. So he required that all such medical passes be approved and signed by himself or Lieutenant Martinez. The record includes such a medical pass, approved by medical personnel, but "denied" with an additional signature. D.E. 10-3, p. 5. Plaintiff asserts that Deputy Chapa admitted to Plaintiff that he had spoken with medical about Plaintiff's treatment and demanded that Plaintiff get another more definitive x-ray before Deputy Chapa would sign off on the passes. "Deputy Chapa had full knowledge of both the treatment plan and importance" and still ignored the medical passes that had been approved previously, requiring Plainitff to use a previously used and unsanitized mat that allegedly also exposed Plaintiff to serious infections. D.E. 32, p. 5.

Had the Magistrate Judge been provided the facts in these terms in Plaintiff's amended complaint or more definite statement, it is not clear whether Plaintiff would have stated a claim for deliberate indifference to his medical needs. The M&R assumes for

purposes of argument that the medical needs of which Plaintiff complains involve a substantial risk of serious harm. There remains the question whether Plaintiff's medical passes addressed such risks, making a nonmedical official's disregard actionable.

**Medical Passes**. For these reasons, the Court construes Plaintiff's objection as a request for leave to amend to address Deputy Chapa's knowledge of a substantial risk of serious harm associated with revoking the benefits of Plaintiff's medical passes. The Court **GRANTS** leave to amend and **RECOMMITS** to the Magistrate Judge for reconsideration the question regarding the sufficiency of any new pleading to sustain a claim against Deputy Chapa for the denial of medical passes, given Plaintiff's clarification of the facts.

**Exchange of Mats**. The Court notes that Plaintiff also addresses the exchange of the new blue mat for the old green mat in his objection. D.E. 32, p. 5. However, Plaintiff has not offered any specific objection or clarification of pleadings that pertains to the M&R's recommendation that the mat exchange claim be dismissed for failure to allege sufficient facts on the objective or subjective prongs of the deliberate indifference test as to any of the Defendants. D.E. 23, p. 43. Consequently, to the extent that Plaintiff's briefing seeks to challenge the M&R's recommendations in this regard, the challenge is **OVERRULED** as insufficient. Fed. R. Civ. P. 72(b)(2); *Malacara*, 353 F.3d at 405; *Edmond*, 8 F.3d at 293 n.7.

4. **Denial of Cleaning Supplies**

The M&R recommends that the Court dismiss Plaintiff's claim for denial of cleaning supplies because he has failed to allege that Defendants knew of a substantial risk

of serious harm and because Plaintiff did not allege that he actually suffered any harm from the one-time failure to refill his tank's bottle of disinfectant. Plaintiff objects without identifying any error in the analysis, but merely reiterating his complaints. D.E. 32, p. 6. The objection is insufficient and is **OVERRULED**. Fed. R. Civ. P. 72(b)(2); *Malacara*, 353 F.3d at 405; *Edmond*, 8 F.3d at 293 n.7.

### 5. Disciplinary Hearing and Placement in Disciplinary Segregation

The M&R recommends dismissal of Plaintiff's due process claim related to his disciplinary hearing and segregation as frivolous or for failure to state a claim upon which relief can be granted because he failed to allege that he was denied written notice of the charges against him, a written statement of the evidence against him, or an opportunity to call witnesses and present evidence in his defense. The M&R notes that Plaintiff did not plead that he had been found guilty. His complaint was that he was assigned to a 19-day temporary placement in administrative segregation to enforce discipline, which is not punishment for the underlying crime and does not implicate due process. The Magistrate Judge found that Plaintiff actually complains of a change in the conditions of confinement, which is a jail administration matter for which due process is not required. D.E. 23, pp. 39-42.

Plaintiff objects, now claiming that he was denied written notice of the charges against him, a written statement of the evidence against him, and an opportunity to call witnesses and present evidence in his defense. He states that he was found guilty of the disciplinary charge and was sentenced to administrative segregation for a period not to

exceed 30 days and that he was held in administrative segregation for 15 hours past 30 days. Moreover, he lost good time credit and his attempt to appeal was ignored. D.E. 32, pp. 6-7. There is some indication in the record that Plaintiff was provided a hearing and was found guilty. D.E. 1-1, p.2 (response to grievance attached to stricken complaint).

The Court construes these new allegations in the objection as a request for leave to amend his complaint to cure the deficiencies noted in the M&R. The Court **GRANTS** leave to amend and **RECOMMITS** this claim to the Magistrate Judge for reconsideration under the allegations in any amended complaint.

### 6. Installation of Camera in Cell

The M&R recommends dismissal of the claim that Lieutenant David installed a camera in Plaintiff's cell because it is threadbare and conclusory and does not state a constitutional violation. D.E. 23, p. 44. Plaintiff lists this claim among his objections, but claims that the installation of a camera was not the issue. Instead, he appears to complain that, when installing the camera, Defendant Lieutenant David had to have taken notice of the obvious problems of heavy condensation, pooled blood, the stopped-up drain, and the risk of infections the cell posed. And yet Lieutenant David did nothing to remediate the condition of the cell. D.E. 32, p. 7.

Plaintiff does not allege that Lieutenant David had subjective knowledge of a substantial risk of serious harm and was deliberately indifferent to it such as to state a constitutional claim. Nothing in Plaintiff's objections points out that Plaintiff suffered any particular harm from the condition of the cell. He fails to demonstrate that his allegations

are sufficient to state a claim for the violation of a constitutional right. Consequently, his objection is **OVERRULED**.

### 7. Pattern of Harassment or Abuse/Retaliation

The M&R recommends that Plaintiff's claims for harassment or abuse should be dismissed because they are threadbare, conclusory, and do not state a claim of a constitutional violation. D.E. 23, p. 45. Plaintiff objects, arguing that there are too many "mistakes" in his treatment to be dismissed as innocuous. He claims "this may be construed as retaliation" for filing his grievances or this action. D.E. 32, p. 8. Plaintiff's own objection indicates that this claim is speculative in that it "may be construed as"—not that it "is"—retaliatory. And he cites no authority to support the concept that many small offenses add up to a constitutional claim.

The M&R addressed the retaliation claim separately, recommending dismissal with prejudice for the same reason: the allegations are threadbare, conclusory, and do not state a claim of a constitutional violation. D.E. 23, pp. 50-52. The M&R faults Plaintiff for failing to include a timeline for assessing the causal relationship between his grievances and alleged acts of retaliation. Plaintiff's objections further address the retaliation claim, including specific acts on specific dates. They do not include the acts described in the "pattern of abuse" section of his objections. But they do include factual allegations of efforts made by Defendants to discourage or prevent the filing of grievances.

The Court construes Plaintiff's objections as a request for leave to amend his complaint. The Court **GRANTS** leave to amend and **RECOMMITS** to the Magistrate

Judge for reconsideration the question whether Plaintiff has adequately pled a claim for retaliation in any amended complaint.

### 8. Equal Protection

The M&R recommends dismissal of Plaintiff's equal protection claim because his claim of discrimination against a "class of one" is supported by only threadbare and conclusory allegations. D.E. 23, pp. 52-53. Plaintiff objects, reciting that an unspecified "few" of the "pattern of harassment" acts "could" qualify as denial of equal protection. DE. 32, p. 10. This ambiguous statement is insufficient to state an objection. Fed. R. Civ. P. 72(b)(2).

Plaintiff goes on to state that he is housed with detainees charged with more violent offenses and has been treated as a high-risk offender despite not posing any disciplinary issues. He states that those with disciplinary issues are classified at a lower risk level. He states that this is because of Deputy Chapa's personal animosity toward Plaintiff. D.E. 32, p. 10. These allegations, accepted as true, do not describe an equal protection claim because the treatment on which Plaintiff bases his claim is discretionary.

> There are some forms of state action, . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

*Engquist v. Or. Dep't of Agr.*, 553 U.S. 591, 603 (2008). Custodial classification of a detainee is a discretionary matter. *Jennings v. Fed. Bureau of Prisons*, 344 F. App'x 954, 955 (5th Cir. 2009) (per curiam); *Pena Arita v. United States*, 470 F. Supp. 3d 663, 692 (S.D. Tex. 2020) (applying the discretionary function exception to decisions affecting detainee).

Plaintiff does not address this exception to equal protection claims. His objection to the M&R's recommendation is **OVERRULED**.

### 9. Sheriff Mills

**Supervisor Liability**. The M&R recommends dismissal of the claims against Sheriff Mills because he is not subject to liability under 42 U.S.C. § 1983 under a respondeat superior theory as a supervisor of the employees who allegedly violated Plaintiff's constitutional rights. D.E. 23, pp. 53-54. The only participatory conduct Plaintiff had alleged against Sheriff Mills was with respect to the grievance policy and the alleged campaign of abuse and harassment, which claims were addressed separately. *Id*., p. 54.

Plaintiff objects to this recommendation, in part, arguing that Sheriff Mills has supervisory control over all of the actions of his subordinate employees.[1] This argument fails to cite any authority and it contradicts the law accurately set out in the M&R. This part of the objection is **OVERRULED**.

---

[1] Among the theories of liability that Plaintiff recites with respect to Sheriff Mills' supervisory authority is "failure to protect." Plaintiff has not alleged, or included in his objections, any facts to show that he is in danger. The Court rejects the addition of an entirely new theory in this case at this procedural juncture.

**Grievance Policy**.  Plaintiff also objects in part that Sheriff Mills has personally violated Plaintiff's constitutional rights by refusing to follow the grievance appeal process and by praising others who had allegedly violated Plaintiff's rights.  In this regard, Plaintiff states that he has supplied the Court with copies of grievance responses that evidence these claims.  He does not provide the Court with the information necessary to identify exactly what grievance response allegedly provides factual substance for this claim.

The Court has reviewed the record and the only grievance response from Sheriff Mills (D.E. 11-1) does not confirm Plaintiff's representation. Rather than praising unconstitutional actions, Sheriff Mills explains that Plaintiff's rendition of events is not consistent with video evidence he has reviewed.  Plaintiff's objection to Sheriff Mills' participation in the grievance process is **OVERRULED**.

**Retaliation**.  Plaintiff also complains that Sheriff Mills has directly threatened him with transfer and indefinite administrative segregation if he continues to file grievances. Plaintiff further fears that he will be denied medical care because the nurse has made clear that Sheriff Mills has to authorize any medical care and Plaintiff has experienced the Sheriff's display of personal animosity toward him.  These complaints are additional allegations of retaliation against Plaintiff for exercising his right to grieve his complaints or a calculated effort to prevent Plaintiff from filing additional grievances.  As set out above, the Court **GRANTS** leave to amend to include specific allegations of retaliation and **RECOMMITS** the issue to the Magistrate Judge for reconsideration of any amended complaint in this regard.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's memorandum and recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's memorandum and recommendation to which objections were specifically directed, the Court **OVERRULES IN PART** Plaintiff's objections and **ADOPTS IN PART** as its own the findings and conclusions of the Magistrate Judge with respect to certain claims. The Court **GRANTS** leave to amend and **RECOMMITS** certain claims for reconsideration. Specifically:

The Court

- **DISMISSES** without prejudice Plaintiff's claims against Head Nurse Heather, Corporal Cooper; Officer Sorteors, Officer Mendoza, Sergeant Lopez, Sergeant Tober, Corporal Roe, Officer Alvarado, and John Doe, and against all other defendants in their official capacities;

- **DISMISSES** with prejudice Plaintiff's § 1983 claims seeking criminal charges to be brought against those defendants who allegedly assaulted him;

- **RETAINS** Plaintiff's Fourteenth Amendment excessive force claims against Sergeant Maddox, Sergeant Dugger, Officer Arisola, and Corporal Urhea in their individual capacities;

- **RETAINS** Plaintiff's Fourteenth Amendment episodic claim regarding the denial of medical care on August 23, 2022, against

Sergeant Maddox, Sergeant Dugger, Officer Arisola, and Corporal Urhea in their individual capacities;

- **RECOMMITS** to the Magistrate Judge for reconsideration under any amended pleading Plaintiff's claims for:

    o Deliberate indifference against Deputy Chapa for denying Plaintiff's medical passes;

    o Denial of due process against Deputy Chapa, Lieutenant Martinez, Sergeant Tober, Corporal Alvarado, Sergeant Maddox, Sergeant Dugger, Corporal Urhea, and Officer Arisola, with respect to the disciplinary hearing and administrative segregation; and

    o Retaliation against Sheriff Mills, Deputy Chapa, Lieutenant Martinez, and Chief Gutierrez related to Plaintiff filing grievances or this action.

- **DISMISSES** with prejudice all of Plaintiff's remaining § 1983 claims against Sheriff Mills, Chief Gutierrez, Deputy Chapa, Lieutenant Martinez, Lieutenant David, Sergeant Maddox, Sergeant Dugger, Corporal Fincher, Corporal Urhea, Sergeant Andrade, and Officer Arisola in their individual capacities as frivolous or for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) including claims that Plaintiff contested in his objections, related to:

    o The exchange of the blue and green mats;

    o The denial of cleaning supplies;

- - o  The installation of a camera in Plaintiff's cell;

  - o  The denial of equal protection; and

  - o  Claims against Sheriff Mills based only on his supervisory capacity.

The Court **ORDERS** Plaintiff to file on or before February 16, 2024 an amended complaint limited to the claims that have been retained or recommitted by this Order. Plaintiff is **ORDERED** to include his factual allegations against each Defendant for each remaining claim. The Court will not look favorably on any additional request to amend the complaint.

**ORDERED** on January 2, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE