United States District Court
Southern District of Texas
**ENTERED**
October 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DALE HAVENS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00299 |
| | § | |
| BILL MILLS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER ADOPTING MEMORANDUM AND RECOMMENDATION</u>

Pending before the Court is Plaintiff's complaint for initial screening under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A. On July 17, 2024, United States Magistrate Judge Mitchel Neurock issued his "Memorandum and Recommendation of United States Magistrate Judge." M&R, D.E. 47. The Magistrate Judge recommends that the Court should retain certain claims and dismiss others. Plaintiff timely filed his objections (D.E. 56-2)[1] on August 1, 2024. The Court considers each of the objections in the order in which Plaintiff presented them.

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

---

[1] Plaintiff's objections were scanned into an instrument filed on the docket at D.E. 56. However, the scans did not include the entire page, allowing the loss of information at the margins. A new scan was performed to reflect the entirety of each page and was appended at D.E. 56-2. The Court references D.E. 56-2 as the complete set of objections as if that scan was the original docketed instrument.

72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (discussing pro se petitioner's objections to M&R, *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

### 1. Excessive Force and Denial of Medical Care Claim

First, Plaintiff objects to the Magistrate Judge's failure to include Sheriff Mills, Chief Gutierrez, Lieutenant Martinez, and Deputy Chief Chapa as defendants with respect to two claims: (1) use of excessive force on August 23, 2022, in violation of the Fourteenth Amendment; and (2) the subsequent denial of medical care after the excessive force incident. This objection fails for two reasons.

First, procedurally, these § 1983 claims are not the subject of the current M&R. The objection, therefore, constitutes a collateral attack against a prior M&R and this Court's Order adopting that M&R. *See* D.E. 35, p.16 (dismissing with prejudice Plaintiff's § 1983 claims against Sheriff Mills, Chief Gutierrez, Deputy Chief Chapa, and Lieutenant Martinez in their individual capacities as frivolous or for failure to state a claim upon which relief can be granted). Any objections to the previous M&R are now untimely. *See* 28

U.S.C. § 636(b)(1)(C) (providing for a 14-day objection period to a magistrate judge's recommendations on dispositive matters); Fed. R. Civ. P. 72(b)(2) (same).

Any objections to the Order adopting that M&R, if meritorious, should be separately stated by motion. *See* Fed. R. Civ. P. 54(b) (providing for reconsideration of orders during pendency of the case). However, they are not meritorious if they merely rehash prior arguments or raise new, untimely arguments. *LeClerk v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005).

Second, on a substantive basis, Plaintiff's reasoning for trying to maintain the claims is based, in part, on the individual's rank in prison administration, which effectively states a respondeat superior theory. It is well-settled that § 1983 claims cannot be based on respondeat superior. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Instead, § 1983 claims require personal involvement. While Plaintiff also argues that these individual defendants were personally involved and admitted to their deliberate indifference, that argument is conclusory and, thus, insufficient. *See Battle*, 834 F.2d at 421.

For these types of episodic acts or omissions claims, where the harm is due to a particular act or omission of one or more officials, the "official must know of and disregard an excessive risk to inmate health or safety." *Est. of Henson v. Wichita Cnty., Tex.*, 795 F.3d 456, 464 (5th Cir. 2015) (*citing Est. of Henson v. Krajca*, 440 F. App'x 341, 343 (5th Cir. 2011)). Plaintiff states that he had pain and physical limitations, and that anyone would recognize his need for medical attention. D.E. 56-2, p. 1. However, these claims are

conclusory, as they do not address how or when the defendants knew of his pain, or what they said specifically in admitting to treating him with deliberate indifference regarding his need for medical attention.

For these reasons, the claims were properly dismissed by prior Order. Plaintiff's objection is procedurally and substantively improper and is **OVERRULED**.

### 2. Deliberate Indifference Claim

The M&R recommends retaining Plaintiff's Fourteenth Amendment deliberate indifference claim for the confiscation or denial of Plaintiff's medical passes against Deputy Chief Chapa in his individual capacity. Plaintiff objects to the failure to include Sheriff Mills, Chief Gutierrez, and Lieutenant Martinez as defendants for this claim. Plaintiff did not plead such a claim against those three defendants, even as his pleading is liberally construed. D.E. 44, p. 9. Therefore, no such claims were raised for the Magistrate Judge to consider and, consequently, there is no error in failing to include these defendants. Matters not presented to the Magistrate Judge in the first instance are waived. *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998). If Plaintiff seeks to make such claims, he must file a motion seeking leave to amend his complaint to include the claims, at which time the Magistrate Judge will evaluate the matter in the first instance, pursuant to the 28 U.S.C. § 636 referral. The objection is **OVERRULED**.

Regarding the claim against Sheriff Mills, the objection is an improper collateral attack on this Court's prior adoption of the previous M&R. *See* D.E. 35, p. 14. For the reasons stated above, the objection is procedurally improper. Moreover, Plaintiff's

argument does not demonstrate any substantive error in this Court's prior ruling. Plaintiff's objection is **OVERRULED**.

### 3. Due Process Claim for Placement in Disciplinary Segregation

The M&R recommends retaining Plaintiff's Fourteenth Amendment due process claim against Deputy Chief Chapa and Sheriff Mills regarding Plaintiff's placement in disciplinary segregation from August 23-26, 2022. Plaintiff objects to the Magistrate Judge's recommendation to dismiss this claim as stated against Sergeant Maddox, Sergeant Dugger, Corporal Urhea, and Guard Arisola, because they physically placed Plaintiff in disciplinary segregation while knowing that their superiors had not first afforded Plaintiff a disciplinary hearing.

It is true that "[t]he minimum positive procedural rights accorded to prisoners is (1) advance notice of claimed violation, (2) a written statement of the fact finders as to the evidence relied upon and a reason for disciplinary action taken, and (3) an opportunity to call witnesses and present documentary evidence." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) *(citing Smith v. Rabalais,* 659 F.2d 539, 542 (1981)). And as the Magistrate Judge explains, these protections are plausibly extended to pretrial detainees. *See* D.E. 47, pp. 22-24. However, Plaintiff does not allege that Sergeant Maddox, Sergeant Dugger, Corporal Urhea, or Guard Arisola were the individuals who were required to extend Plaintiff any of these procedural rights.

As his objection indicates, their only involvement was ministerially transferring Plaintiff into disciplinary segregation after any violation of due process rights by their

superiors. Deputy Chief Chapa and Sheriff Mills are the proper defendants in this due process claim as they are the ones that ordered that Plaintiff be placed in disciplinary segregation without being afforded these procedural rights. Plaintiff's objection is **OVERRULED**.

### 4. Due Process Claim Regarding August 26, 2022 Disciplinary Hearing

The M&R recommends retaining a due process claim for the August 26, 2022 disciplinary hearing against Deputy Chief Chapa, Lieutenant Martinez, Sergeant Tober, and Corporal Alvarado. Plaintiff objects to the Magistrate Judge's recommendation to dismiss this claim as stated against Corporal Schiksnider. Plaintiff states in his objections that he was not originally able to identify Corporal Schiksnider because "guards were refusing to identify themselves." D.E. 56-2, p. 2.[2] He claims that his attempts to amend his pleadings in this regard were misconstrued.

The Court has reviewed the pleadings (D.E. 44, 46) liberally in favor of Plaintiff. The Court has further reviewed the Magistrate Judge's analysis. *See* D.E. 47, p. 27 n.6. The Court finds no error in the conclusion that Plaintiff failed to name Corporal Schiksnider as a defendant. The objection is **OVERRULED**. Should Plaintiff seek to add claims or defendants, he must do so by a motion seeking leave to amend, which will be considered on its own merits in due course.

---

[2] Plaintiff also complains that the Aransas County Detention Center (ACDC) does not have an adequate law library under *Bounds*, with no civil rights or §1983 resources. And if ACDC had the resources, he was barred from using them. D.E. 56-2, p. 3. This complaint is not stated as an objection and the Court notes that any such objection on constitutional grounds would require demonstrating that Plaintiff was prevented from asserting a nonfrivolous claim under a denial of access to courts theory. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996) (*citing Bounds v. Smith*, 430 U.S. 817, 823 (1977)).

### 5.  Temporary Transfer—Retaliation Claim

The M&R recommends retaining Plaintiff's claim only as against Sheriff Mills for Plaintiff's temporary transfer to a detention center in Kleberg County in retaliation for filing grievances and this lawsuit. Plaintiff objects to the Magistrate Judge's recommendation to dismiss this claim as against Deputy Chief Chapa, Lieutenant Martinez, Chief Brooks, and Sergeant Dugger.

As the Magistrate Judge found, Plaintiff plausibly alleges that after filing several grievances, Sheriff Mills retaliated against him by ordering Plaintiff's temporary transfer to Kleberg County. In his claim, Plaintiff states:

> The Sheriff approached me and told me you have a stupid lawsuit you want my attention well now you have it. Your not in danger you have more than most and your well taken care of but I'm the one that Authorized your transfer and if you choose to continue filing grievances and lawsuits, I'll transfer you to other counties to teach you a lesson and then you'll know how good you really have it.

D.E. 46, p. 10 (verbatim).

Plaintiff's basis for the objection is his assertion that Sheriff Mills had multiple meetings with his staff, including Deputy Chief Chapa, Lieutenant Martinez, and Chief Brooks, under which he gave "them his blessing and full support to make decisions." D.E. 56-2, p. 3. Ultimately, however, according to Plaintiff's complaint (D.E. 46), it was Sheriff Mills' decision to temporarily transfer him. Despite any discussions Sheriff Mills may have had with his staff, Plaintiff does not claim that it was either Deputy Chief Chapa, Lieutenant

Martinez, Chief Brooks, or Sergeant Dugger's decision to transfer him to Kleberg County.[3] Consequently, his allegations are insufficient to support a claim against the additional defendants for the transfer.

Plaintiff's objection is **OVERRULED**.

### 6. Indefinite Solitary Confinement—Retaliation Claim

The M&R recommends retaining a claim of retaliation against Deputy Chief Chapa for Plaintiff's placement in indefinite solitary confinement. Plaintiff objects to the Magistrate Judge's recommendation to dismiss Sheriff Mills, Lieutenant Martinez, and Chief Brooks as defendants for this claim. He argues that these additional defendants knew that Plaintiff had filed lawsuits and grievances, and Deputy Chief Chapa consulted them and obtained a consensus before making his retaliatory decision. This argument does not change the Magistrate Judge's finding that the allegations do not support a finding that any other defendant ordered Plaintiff's placement in solitary confinement. The objection is **OVERRULED**.

### 7. Change in Threat Level Classification and Uniform—Retaliation Claim

Plaintiff objects to the recommended dismissal of the claim that his threat level classification and uniform were changed in retaliation for his filing of grievances and this lawsuit. The Magistrate Judge's recommendation is based on Plaintiff's pleading that his threat level classification changed because he allegedly attacked two guards. D.E. 47, p.32.

---

[3] Plaintiff also states in his objection that "Chapa tells me that after discussions with the Sheriff and Chief [B]rooks with jail administration that they also decided that I would be in solitary confinement indefinitently [sic]." D.E. 56-2, p. 3. Plaintiff's allegations regarding solitary confinement are addressed below.

Plaintiff now states that this was a false accusation—a pretext for retaliation. D.E. 56-2, p. 4. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (a claim of retaliation requires "but for" causation).

This argument of pretext is contrary to the admissions in Plaintiff's pleading and it is raised for the first time in his objections. By failing to raise the issue before the Magistrate Judge, Plaintiff provided no basis for a contrary conclusion in the M&R. Therefore, the argument does not show any error in the Magistrate Judge's analysis. The objection is **OVERRULED**.

Additionally, as for Plaintiff's change of uniform to a red uniform, the Magistrate Judge notes that Plaintiff failed to allege harm for this claim. D.E. 47, p. 32. In his objection, Plaintiff alleges that wearing a red uniform adversely impacts him because "it looks bad in court of which the jail and judges do have a system in place that affects the outcome of bond hearings." D.E. 56-2, p. 4 (verbatim).[4]

Actual harm can take the form of "past or imminent official interference with individual inmates' presentation of claims to the courts . . . ." *Lewis v. Casey*, 518 U.S. 343, 350 (1996). This interference must impair "meaningful access to the courts." *Id.* (*citing Bounds v. Smith*, 430 U.S. 817, 823 (1977)). While Plaintiff argues that the red uniform creates a negative impression of him in court for such things as bond hearings, he

---

[4] Plaintiff also complains that his threat level classification is harmful because of the increased logistics required to move him around the prison. D.E. 56-2, p. 4. This does not state a harm of constitutional magnitude and is irrelevant to the analysis.

has not sufficiently alleged any particular facts illustrating any impairment of access to the courts—in a bond hearing or otherwise—and his objection is **OVERRULED**.

### 8. Food Tampering—Retaliation Claim

Plaintiff objects to the dismissal of his claim that jail officials are tampering with or poisoning his food in retaliation for his filing of grievances and this lawsuit. D.E. 56-2, pp. 5-6. In particular, he asserts that the Magistrate Judge overlooked his response. The Magistrate Judge found that Plaintiff's allegations failed to support the element of retaliatory intention, either by direct evidence or a chronology from which the intention could be inferred. Plaintiff's objection simply details the same arguments the Magistrate Judge rejected. Plaintiff's allegations are insufficient to show retaliation.  The objection is **OVERRULED**.

### 9. Changing Bond Amounts—Retaliation Claim

Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's claim that Deputy Chief Chapa, Lieutenant Martinez, Sergeant Cooper, and Sergeant Andrade changed his bond amounts in retaliation for filing grievances and this action. More specifically, he argues that the Magistrate Judge overlooked his response on this issue. D.E. 56-2, p. 7.

The Magistrate Judge's recommendation was based on the fact that the named defendants did not have authority to change bond amounts and therefore could not have done so. Plaintiff's objection reiterates his arguments that jail personnel informed him that they had changed the bond amounts (and some had changed them back), and that the state

court judges were not willing to take any action to reduce his bond. There is no indication that Plaintiff has appealed any bond decision or sought a writ of habeas corpus.[5] A § 1983 claim for changing bond amounts in retaliation for privileged speech is factually attenuated, directed against persons not responsible for the decision, and is an improper remedy. Because Plaintiff has not shown any error in the Magistrate Judge's assessment of the claim, the objection is **OVERRULED**.[6]

### 10. Interception or Viewing of Legal Mail—Retaliation Claim

Plaintiff objects to the Magistrate Judge's recommendation of dismissal of his retaliation claim for the interception and viewing of his mail. Plaintiff states that the Magistrate Judge erred by failing to liberally construe his claim that his mail was being intercepted or read, thereby preventing him from filing lawsuits. However, this is a conclusory statement that does not address how the confiscation of Plaintiff's mail was meant as retaliation for Plaintiff's filing of grievances and the lawsuit. Neither does he explain any loss of a legal claim or defense on the basis of this interception of mail. The objection is **OVERRULED**.

### 11. Additional, Unpled Claims Regarding Denial of Access to Courts

Plaintiff states that he would like to bring additional claims:

---

[5] "The proper method for challenging the denial or excessiveness of bail, whether prior to trial or after conviction, is by habeas corpus." *Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. 1978).
[6] In addition, Plaintiff states that he has made motions for bond reductions and bond reviews, which the judges have refused to hear. Any motions regarding Plaintiff's bond are not part of this action, are not properly asserted against these defendants, and are not before this Court.

A.  First and Fifth Amendment claims alleging denial of access to the courts because his complaints to the FBI have been intercepted. D.E. 56-2, p. 8.

B.  Retaliation by being placed on suicide watch, which prevented him from timely meeting a court deadline. D.E. 56-2, pp. 8-9.

C.  A claim that the Aransas County Detention Center (ACDC) has blocked his communication to other inmates, which has prevented him from securing witnesses. D.E. 56-2, p. 9.

D.  A claim that the ACDC has implemented a new policy: the detention center is no longer providing legal stamps or envelopes unless Plaintiff maintains a balance on his account of less than five dollars for seven days, impairing his ability to prosecute his lawsuits. D.E. 56-2, p. 9.[7]

These claims are not currently before the Court and Plaintiff's request to add them was not made in the first instance before the Magistrate Judge. If Plaintiff seeks to add these claims, he must file a motion seeking leave to amend his complaint and provide adequate factual allegations to support them.

Plaintiff's objections seeking to add claims are **OVERRULED**.

---

[7]  Plaintiff states that his only option is to pay for stamps, which often forces him to overpay. The Supreme Court has held that prisons must provide stamps, at state expense, to indigent inmates for mailing legal documents. *Mayfield v. Wilkinson*, 117 F. App'x 939, 940 (5th Cir. 2004) (*citing Bounds*, 430 U.S. at 824–25 (1977)). However, prisons can recoup those expenses from funds in an inmate's trust account. *Id*. (*citing Guajardo v. Estelle*, 580 F.2d 748, 762-63 (5th Cir. 1978)). The cognizable claim is whether a plaintiff is being denied meaningful access to the courts, and the plaintiff must show actual injury. *Lewis*, 518 U.S. at 351, 349. Plaintiff states that he does have access to stamps, even if expenses are recouped by the detention center, and his claim does not rise to a denial of access to the courts.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's memorandum and recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's memorandum and recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Specifically, the Court:

- **RETAINS** Plaintiff's Fourteenth Amendment deliberate indifference claim against Deputy Chief Chapa in his individual capacity for confiscating or denying Plaintiff's medical passes;

- **RETAINS** Plaintiff's Fourteenth Amendment due process claim against Sheriff Mills and Deputy Chief Chapa in their individual capacities regarding his placement in disciplinary segregation from August 23 to 26, 2022;

- **RETAINS** Plaintiff's Fourteenth Amendment due process claim against Deputy Chief Chapa, Lieutenant Martinez, Sergeant Tober, and Corporal Alvarado in their individual capacities regarding the August 26, 2022 disciplinary hearing;

- **RETAINS** Plaintiff's retaliation claim against Sheriff Mills in his individual capacity for temporarily transferring Plaintiff to a detention facility in Kleberg County;

- **RETAINS** Plaintiff's retaliation claim against Deputy Chief Chapa in his individual capacity for ordering that Plaintiff be placed in indefinite solitary confinement on or about June 21, 2023;

- **DISMISSES** all of Plaintiff's remaining claims as frivolous or for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**ORDERED** on October 23, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE