United States District Court
Southern District of Texas
**ENTERED**
May 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DALE HAVENS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00299 |
| | § | |
| BILL MILLS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
### OF UNITED STATES MAGISTRTE JUDGE

On March 26, 2026, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation of United States Magistrate Judge (M&R, D.E. 118), recommending that this action be dismissed for failure to prosecute. Plaintiff timely filed his objections (D.E. 121) under the prison mailbox rule on April 8, 2026.

This case has been pending since December 20, 2022. The basis for the Magistrate Judge's recommendation of dismissal is that:

- Plaintiff failed to timely respond to Defendants' discovery requests propounded on November 7, 2025. *See* D.E. 113.

- Plaintiff failed to respond to Defendants' motion to deem admissions and compel discovery responses. D.E. 113.

- Plaintiff failed to respond to the Court's Show Cause Order (D.E. 116) issued on March 2, 2026, seeking an explanation for Plaintiff's failures to prosecute this action in good faith.

1 / 4

Plaintiff now responds in his unsworn objections with general excuses unsupported by evidence. He complains as follows:

- The courts are unfair to him;

- The Court has denied him appointed counsel;

- The Court's referral of his 12 cases to Magistrate Judges for pretrial management has caused him unspecified harm and prejudice;

- TDCJ has moved him between facilities, moved him on bench warrants, assigned him to segregated housing, and subjected him to excessive cell searches, resulting in the temporary loss or disorganization of his legal materials or permanent confiscation of some unspecified materials at unspecified times;

- The Magistrate Judge does not grant him relief on his motions to compel and the Magistrate Judges on all of his cases engage in discrimination against him or play politics on his 12 cases to his detriment, resulting in biased rulings;

- He is periodically prevented from sending mail, including legal documents intended for this Court;

- He had a medical emergency on January 30, 2026, and was hospitalized with serious conditions, some of which have affected his vision for an unspecified period of time;

- TDCJ has denied him paper and pen to write his legal documents;

- The courts fail to apply the correct standard of review in summary judgment motions and have denied him the ability to obtain discovery from defendants;

- He has been in lockdowns or medical quarantines of unknown time or duration affecting his ability to tend to his lawsuits and to physically place mail in the prison mailbox;

- He is being denied access to courts because he does not get to attend the law library, is not provided indigent supplies including postage, and cannot mail his documents.

An objection must point out with particularity the alleged error in the Magistrate Judge's analysis. Otherwise, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Generally, a claim raised for the first time in objections to an M&R is not properly before the district court and therefore is waived. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also, e.g., Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam).

Plaintiff's objections assert generalized facts that are not supported by evidence in a document that is not signed under penalty of perjury. Consequently, the Court cannot take any of the alleged facts as true. Plaintiff's objections are also general complaints about the administration of all 12 of his lawsuits, without distinction or specificity. Therefore, they do not constitute valid objections to the Magistrate Judge's recommendation currently under review.

Plaintiff's request for appointed counsel is not currently before the Court and must be raised in a timely manner when denied in order to be the subject of an objection properly brought to this Court. Likewise, his general claim to being denied access to the courts is not the subject of the current M&R and is not a proper objection. Neither has he explained how any of the litany of circumstances he recites specifically prevented him from answering the discovery requests since they were propounded in November, prevented him from responding to the motion to compel, and/or prevented him from responding to the Show Cause Order (D.E. 116).

3 / 4

None of Plaintiff's objections specifically address the reasoning of the M&R. Moreover, they contain complaints raised for the first time in this Court when they should have been raised in response to the Show Cause Order (D.E. 116). The objections are thus waived. For these reasons, all of Plaintiff's objections are **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Court further **TERMINATES AS MOOT** all pending motions.

**ORDERED** on May 5, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE